# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDIE CARROLL, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STUDENT TRANSPORTATION, INC., et al. | : | NO. 10-1439 |

## MEMORANDUM RE: MOTION TO QUASH AND ASSERT SPOUSAL PRIVILEGE

**Baylson, J.**                                                                                                                **February 4, 2011**

By Order dated February 2, 2011 (ECF No. 50), this Court denied Defendant Student Transportation of America, Inc.'s Motion to Quash a Subpoena and Assert a Privilege (ECF No. 35), relating to the deposition of Jennifer Haines-Poust. In the following memorandum of law, the Court analyzes the issue of marital privilege raised by Defendant's motion. The Court concludes that Ms. Haines-Poust, wife of Frederick Poust, III, an employee of Defendant who was the driver of the bus in the accident that forms the basis for this action, may not assert her marital privilege to avoid deposition where Plaintiffs intend to question her about her interaction with a third party; however, the Court will preclude any questions concerning spousal communications.

**I.**     **Background**

Defendant's Motion to Quash comes before the Court in an action for damages arising from a motor vehicle accident that occurred on February 17, 2010 between a school bus driven by Frederick Poust, III and a car driven by Plaintiff Freddie Carroll. On March 15, 2010, the Montgomery County DA instituted criminal charges against Mr. Poust. On March 31, 2010,

Carroll and his wife, Patricia, filed this action for damages against Student Transportation of America, Inc. ("Defendant"), Mr. Poust's employer.[1]

In the course of discovery in the civil action, Plaintiffs noticed a deposition via certified mail of Mr. Poust's wife, Jennifer Haines-Poust, to be held on January 17, 2011. Mot. Quash Ex. B. On January 13, 2011, Defendant filed the instant motion to quash the subpoena and to assert a spousal privilege on behalf of Ms. Haines-Poust (ECF No. 34). Plaintiffs filed their response in opposition to the motion on January 27, 2011 (ECF No. 42). Defendant replied on January 28, 2011 (ECF No. 44). The Court held a hearing on several pending motions, including the Motion to Quash, on February 1, 2011.

## II. The Parties' Contentions

Defendant contends that the Court should quash the subpoena to Ms. Haines-Poust because her deposition would necessarily be testimony against her husband, in violation of a Pennsylvania law that provides for an absolute privilege not to testify against one's spouse.[2] Def.'s Br. in Support 3-5.

Plaintiffs contend that the subject matter of Ms. Haines-Poust's deposition will be her own conduct related to a play date invitation from her daughter to the son of Michele Thomas, an

---

[1] Plaintiffs also filed this action against three additional corporate defendants who were dismissed.

[2] Defendant also raised procedural defects with the subpoena in its Motion to Quash. Defendant contended that service was improper because the subpoena was served by certified mail rather than hand delivery, and because Plaintiffs did not send a check to remit for attendance and mileage expenses pursuant to Fed. R. Civ. P. 45(b)(1)). Def.'s Br. in Support 3. In their Memorandum of Law in Opposition to Defendants' Motion, Plaintiffs represented that they will personally serve Ms. Haines-Poust and will compensate her for mileage expenses as required by Rule 45. Pl.'s Mem. Law. Opp. 4. The Court expects the parties to abide by Rule 45 and only addresses the substantive argument against the deposition: spousal privilege.

eyewitness to the accident, shortly after Ms. Thomas testified against Mr. Poust at his preliminary hearing following his arrest. Pls.' Mem. Law Opp. 2. Plaintiffs contend that this limited inquiry into Ms. Haines-Poust's post-accident conduct does not offend any spousal privilege. Id. at 3.

Plaintiffs further contend that to the extent that Ms. Haines-Poust is asked to testify about private communications with her husband, those questions would be limited to communications regarding the potential intimidation of Ms. Thomas, which is a fraud and thus exempt from the privilege. Id. at 4.

## III. Discussion

Federal courts analyze evidentiary privileges pursuant to Federal Rule of Evidence 501. In a civil action, with respect to elements of a claim or defense where state law governs, privilege "shall be determined in accordance with State law." Fed. R. Evid. 501; Samuelson v. Susen, 576 F.2d 546, 549 (3d Cir. 1978) ("Rule 501 requires a district court exercising diversity jurisdiction to apply the law of privilege which would be applied by the courts of the state in which it sits"). Pennsylvania law governs the cause of action in this case, in which the district court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

There are two spousal privileges under Pennsylvania law that may apply in a civil action: the privilege not to testify against one's spouse, 42 Pa. Cons. Stat. § 5924, and the privilege not to testify about confidential communications between spouses, 42 Pa. Cons. Stat. § 5923. Brown v. Scafidi, 839 F. Supp. 342, 344 (E.D. Pa. 1993). Although Defendant only asserts a privilege under Section 5924 in its Motion to Quash, the parties also discuss the issue of confidential communications. Therefore, the Court will review both privileges.

### A. Adverse Testimony Privilege

Under the adverse testimony privilege, "neither husband nor wife shall be competent or permitted to testify against each other." 42 Pa. Cons. Stat. § 5924(a). The statute exempts the application of this privilege in certain categories of cases, such as divorce and custody, none of which are applicable to this case. 42 Pa. Cons. Stat. § 5924(b). The purpose of the privilege is to preserve marital harmony. Ebner v. Ewiak, 484 A.2d 180, 183 (Pa. Super. Ct. 1984) (citing Commonwealth ex rel. Platt v. Platt, 404 A.2d 410, 413 (Pa. Super. Ct. 1979)). The privilege does not prevent a spouse from "testifying on her own behalf even though her testimony has an adverse effect on her husband's interests." Ebner, 484 A.2d at 183 (finding that a wife was permitted to testify to exculpate herself in a breach of contract action filed against herself and her husband).[3] The spousal privilege under Section 5924 "does not apply to communications made to perpetuate a fraud." Fidelity Nat. Title Ins. Co. of New York v. United Settlement Servs., Inc., 924 A.2d 1270, 1272 (Pa. Super. Ct. 2007) (quashing an appeal from a discovery order compelling a wife to answer deposition questions in a lawsuit against a married couple regarding misappropriation of funds in real estate transactions).

Here, Plaintiffs intend to depose Ms. Haines-Poust on the topic of her interactions with a

---

[3] The United States Supreme Court, interpreting the analogous privilege under federal common law that protects an individual from being compelled to testify against his or her spouse, discussed the erosion of support for an absolute testimonial privilege. Trammel v. United States, 445 U.S. 40, 48-49 (1980) (holding that the privilege applies solely to the witness spouse, not to the defendant spouse). Indeed, some courts hold that the federal common law privilege does not apply in civil cases. See, e.g., Knepp v. United Stone Veneer, LLC, Civ. A. No. 4:06-CV-1018, 2007 WL 2597936, at *3 (M.D. Pa. Sept. 5, 2007) (holding that the adverse testimony spousal privilege did not apply where the deponent's spouse was not a defendant in the civil action, and "because the justification for the privilege of maintaining marital harmony is not as applicable to a civil case as a criminal case"). The state of Pennsylvania, however, maintains the adverse testimony spousal privilege in civil cases under 42 Pa. Cons. Stat. § 5924.

third party. Testimony on this subject matter is not testimony "against" Mr. Poust and does not violate Section 5924. Therefore, the Court will not quash the subpoena on the ground asserted by Defendant, application of the adverse testimony privilege.

## B. Confidential Communications Privilege

Pursuant to the confidential communications privilege, "neither husband nor wife shall be competent or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon the trial." 42 Pa. Cons. Stat. § 5923.[4] The confidential communications privilege applies only to communications that "would not have been made except for the absolute confidence of the [m]arital relationship," Commonwealth v. Darush, 420 A.2d 1071, 1076 (Pa. Super. Ct.1980), judgment vacated on other grounds, 459 A.2d 727 (Pa. 1983) (citations omitted). The privilege does not protect spousal communications made in furtherance of a fraud. Brown v. Scafidi, 839 F. Supp. 342, 343-45 (E.D. Pa. 1993) (spousal communications privilege did not apply to testimony by a wife regarding her husband's fraudulently claimed injuries); Kine v. Forman, 209 A.2d 1, 3 (Pa. Super. Ct. 1965) (privilege did not apply to communications between spouses made with regard to tax fraud).

Here, the Court has ordered that questions as to Ms. Haines-Poust's communications relate only to third parties, and not to Mr. Poust. This measure should provide additional protection of Ms. Haines-Poust's confidential communications privilege under Section 5923.

## C. Protecting Spousal Privilege

If a spousal privilege applies to deposition testimony, quashing a subpoena is not the

---

[4] The waiver provision is unique to Section 5923; there is no such provision in Section 5924.

proper remedy, because the privilege may only be asserted as to specific testimony. The Third Circuit has stated that "any marital privilege can be sufficiently protected through traditional objections made at the deposition." Murphy v. Fed. Ins. Co., 206 F. App'x 143, 146-47 (3d Cir. 2006) (non-precedential). In Murphy, the plaintiff appealed the denial of a protective order to prevent his wife from being deposed by the defendant in violation of 42 Pa. Cons. Stat. § 5923. Id. at 145-47. Although the Third Circuit lacked jurisdiction over the protective order, the Court noted that an assertion of marital privilege would not excuse Murphy's wife from appearing for her deposition. Id. at 149.

In a Western District of Pennsylvania case applying Murphy, Magistrate Judge Caiazza denied a motion to quash the subpoena of a civil defendant's wife, holding that the court was required to look at the nature and subject matter of the communication at issue before determining whether the spousal privilege applied. Sapko v. Ringgold Area School Dist., Civ. A. No. 06-893, 2007 WL 3023956, at *1 (W.D. Pa. Oct. 12, 2007). The Court held that there was no "blanket preclusion" against testimony by the defendant's wife, but rather at deposition, "[d]efense counsel may interpose any and all privilege objections and instructions warranted under the law." Id. at *1-2. See also Holm v. Pollack, No. Civ. A. 00-CV-2893, 2001 WL 1257728, at *3 (E.D. Pa. Oct. 19, 2001) ("absent an intrusion into the protected realm of marital communications, the Plaintiff is not prohibited from deposing" the defendant's wife because there is "no reason why traditional objections under the Federal Rules of Civil Procedure would not sufficiently protect her rights and expectation of privacy").

In this case, quashing the subpoena served on Ms. Haines-Poust to prospectively protect the spousal privilege is not proper. If Defendant wishes to assert a spousal privilege, it must do

6

so at the time Ms. Haines-Poust appears for deposition. At that time, counsel may object to any questions that offend the spousal privilege as defined Section 5923 or Section 5924 and assert the basis for the objection. Defense counsel, and counsel for the witness, if she has counsel at the deposition, can object based on the privilege but may not instruct the witness not to answer questions regarding third parties.

Moreover, Defendant and Mr. Poust have ample protections under the Federal Rules of Procedure and the Federal Rules of Evidence to prevent the admission at trial of any irrelevant or privileged testimony from Ms. Haines-Poust's deposition. As the Court observed at the hearing, there is a distinction between testimony that is permissible at deposition and testimony that is admissible at trial. In accordance with the liberal discovery rules under the Federal Rules of Civil Procedure, a discovery deposition may cover "any nonprivileged matter that is relevant to any party's claim or defense," including "[r]elevant information [that] need not be admissible at the trial." See Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999); Fed. R. Civ. P. 26(b)(1). Any testimony elicited at Ms. Haines-Poust's deposition that is testimony against her husband will not be admissible at trial. Exploring all of the facts at the deposition will give the Court a fuller factual record on which the Court can rely at trial.

For the above reasons, the Court has DENIED Defendant's Motion to Quash A Subpoena and to Assert a Privilege.

Dated: 2/4/11

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

A:\Carroll - Mem Mot Quash.wpd