IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FREDDIE CARROLL, et al. | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| STUDENT TRANSPORTATION, | : | NO. 10-1439 |
| INC., et al. | : | |

## MEMORANDUM RE: MOTION FOR RECONSIDERATION

**Baylson, J.**                                                                                                 **March 22, 2011**

### I. Introduction

Defendant Student Transportation of America, Inc. ("STA") has filed the present Motion for Reconsideration (ECF No. 55) of this Court's February 2, 2011 Order (ECF No. 50) and accompanying Memorandum of Law (ECF No. 54), <u>Carroll v. Student Transportation of America, Inc.</u>, Civ. A. No. 10-1439, 2011 WL 382563 (E.D. Pa. Feb. 7, 2011). For the following reasons, STA's motion will be denied.

In its February 2, 2011 Order ("the Order"), this Court denied STA's Motion to Quash a Subpoena and Assert a Privilege (ECF No. 35), relating to the deposition of Jennifer Haines-Poust, wife of STA employee Frederick Poust, III. The Court concluded that Ms. Haines-Poust could not avoid deposition on the limited topic of her interactions with third parties by asserting a marital privilege. The Order included a protective order precluding any deposition questions concerning spousal communications.

STA has now filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). STA argues that this Court committed a clear error of law by 1) deciding that the spousal privilege did not apply because Ms. Haines-Poust would not be testifying against her husband, and 2) allowing

the deposition to go forward with the instruction that STA may object to specific questions that offend the witness's privileges. Plaintiffs Freddie Carroll and Patricia Carroll ("Plaintiffs") contend in their Response in Opposition (ECF No. 57) that STA is merely rehashing its arguments in the Motion to Quash and asking the Court to recognize a blanket privilege that is not supported by Pennsylvania law.

## II. Legal Standard

Disagreement with the district court's ruling is not proper grounds for a motion to reconsider. "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Pursuant to Fed. R. Civ. P. 59(e), the movant must establish either: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Id. (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). In light of the strong interest in finality of judgments, district courts grant motions for reconsideration sparingly. See Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III. Discussion

Here, STA raises essentially the same arguments presented in its Motion to Quash. STA attempts to show error by distinguishing the cases cited in the Memorandum of Law ("the Memorandum"). For example, in the Memorandum, this Court cited Ebner v. Ewiak, 484 A.2d 180 (Pa. Super. Ct. 1979) for its "hold[ing] that § 5924(a) is inapplicable to a defendant-wife who is testifying on her own behalf even though her testimony has an adverse effect on her

2

husband's interests." Id. at 183. STA incorrectly contends that Ebner does not apply to this case because the spouses in Ebner were separated, and the Pousts' marriage is intact. However, the Superior Court's holding was concerned only with the parties' legal status as husband and wife. Although the Superior Court discussed the traditional policy rationale for the spousal privilege, which was the "preservation of marital harmony," id. at 183 (internal quotation omitted), it acknowledged that the United States Supreme Court "sharply criticized" that rationale as "'unpersuasive.'" Id. (quoting Trammel v. United States, 445 U.S. 40, 52 (1980)). Thus, the spouses' separation in Ebner was not essential to the holding.[1] Here, as in Ebner, Ms. Haines-Poust will testify on her own behalf regarding her actions and communications, not those of her husband. If Ms. Haines-Poust were to testify that she improperly interfered with a third-party witness, such testimony would be adverse to her own interests.

In addition, STA quarrels with the Court's citation of Fidelity National Title Insurance Company of New York v. United Settlement Services, Inc., 924 A.2d 1270 (Pa. Super. Ct. 2007) for the proposition that the spousal privilege does not protect private communications that perpetuate a fraud. Id. STA distinguishes Fidelity on the basis that it was "ridiculously obvious that the spousal privilege did not protect the wife from testifying at her deposition because of the direct evidence of the fraudulent conduct with her defendant husband," whereas "there is no credible evidence whatsoever of any fraudulent conduct on the part of Mrs. Haines-Poust or Mr. Poust. . ." Def.'s Br. 4. However, the Memorandum cited Fidelity for its statement of Pennsylvania law only and did not analogize to the facts. Defendant's argument is lacking.

---

[1] Indeed, a recent Pennsylvania criminal case held that a legally married couple's pending divorce did not factor into the court's analysis of whether a spousal privilege applied. Commonwealth v. Valle-Velez, 995 A.2d 1264, 1269 (Pa. Super. Ct. 2010).

Lastly, STA asserts that United States v. DiMichele, Crim. No. 88-00060, 1989 WL 104947 (E.D. Pa. Sept. 5, 1989) (McGlynn, J.) supports its contention that the Court erred by deciding that Ms. Haines-Poust should attend the deposition and assert her spousal privilege as necessary. Contrary to STA's interpretation, DiMichele is consistent with the Order that the deposition go forward. In DiMichele, the defendant attended a court-ordered deposition, at which he asserted spousal privilege, attorney-client privilege, and/or his Fifth Amendment right against self- incrimination in response to certain questions. Id. at *1. After the deponent raised a prima facie claim of privilege at the deposition, the deposing party bore the burden to establish that the objected-to questions would not elicit privileged information. Id. Judge McGlynn ordered that the deponent did not have to answer questions with respect to the witness's wife because "the privilege against adverse testimony is very broad and. . .the government [was] unable to state that the answers to these question[s] could not under any circumstances be incriminating." Id. at *2. However, Judge McGlynn ordered the deponent to answer fifty-nine specific questions that were not covered by a privilege. Id. at *2-3.

This Court ordered the deposition of Ms. Haines-Poust on the limited topic of Ms. Haines-Poust's interactions with third parties. In accordance with the restricted scope of the deposition, Plaintiffs contend that Ms. Haines-Poust will not be asked questions adverse to her husband. As in DiMichele, STA may object on grounds of privilege to specific questions that would elicit answers in violation of spousal privilege or that otherwise do not comply with the Court's ruling. If spousal privilege is asserted in response to specific questions at the deposition, this Court, like Judge McGlynn in DiMichele, can later rule on whether those questions violate the spousal privilege.

**IV.	Conclusion**

This Court carefully considered the parties' briefs and oral argument on the underlying Motion to Quash, and substantiated the reasoning for its Order in a detailed Memorandum of Law.  Upon consideration of STA's Motion for Reconsideration, the Court holds that STA has not established any clear legal error.  Therefore, the Motion for Reconsideration will be denied. An appropriate Order follows.

O:\CIVIL 09-10\10-1439 Carroll v. Student Trans\Carroll - Mem Mot Reconsider.wpd